GAJARSA, Circuit Judge,
with whom LINN and DYK, Circuit Judges, join,
concurring in the denial of the petition for rehearing en banc.
I concur in this court’s decision not to rehear this case en banc because this is not an issue that rises to the level of importance of en banc hearing by this court. Contrary to the dissent, the majority opinion here does not create a federal common law that broadly displaces state law in the area of patent assignments.
On April 26, 2006, AstraZeneca (“AZ-UK”) and Abraxis entered into an Asset Purchase Agreement. The agreement provided that AZ-UK “shall cause” the transfer of the three asserted patents to Abraxis. However, at that time, those patents were owned by Astra Lakemedel Aktiebolag (“Astra L”) and AstraZeneca AB (“AZ-AB”), not AZ-UK. On June 28, 2006, AZ-UK attempted to assign the patents to Abraxis, but failed because AZ-UK could not assign what it did not own. On March 15, 2007, Abraxis sued Navinta LLC for patent infringement. On the same day, AZ-AB and Astra L assigned the patents-at-issue to AZ-UK, but not to Abraxis. Subsequently, on November 12, 2007, AZ-UK finally assigned the three patents to Abraxis.
The analysis is simple. The panel, following Federal Circuit law, concluded that a party has no standing under Article III to bring an action if it does not own the patents when it files the action. 35 U.S.C. § 261 requires assignments to be in writing. In this case, Abraxis did not possess a written assignment of the patents-in-suit from the owner thereof at the time suit was filed.
The position advocated by the dissent would apply state law to effectively *1241 preempt federal law. When Congress has adopted a statutory scheme to apply in a particular field, federal law preempts state law. See, e.g., Campbell v. Hussey, 368 U.S. 297, 82 S.Ct. 327, 7 L.Ed.2d 299 (1961); Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947). The dissent suggests that New York state law pre-empts federal law. The position that AZ-UK’s failed assignment to Abraxis on June 28, 2006 can be resurrected by a later transfer of the patents to AZ-UK on March 15, 2007 by ostensibly nunc pro tunc assignments is insufficient to avoid section 261 and the federal law of standing. Notwithstanding New York law, it is not possible to transfer an interest in a patent unless one owns the patents at the time of the transfer. Here, it is clear that AZ-UK did not own the patents and the intent of the parties cannot correct that fatal error. The district court, purportedly acting under New York state law, allowed the parties’ intent to trump the clear language of the agreements. State law cannot retroactively override federal law to revive failed agreements, thereby conferring standing in federal court.
The panel majority correctly applied this court’s precedent and federal law to find that Abraxis lacked standing and could not correct this deficiency after the inception of this suit. This case does not conflict with our precedent or warrant en banc review.